**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO:**

**ADAMO ACCIUS, JEAN ALTIDOR,**
**ROMENA CEUS, CARYL JOSEPH,**
**VANESSA JOSEPH, ERILES MAXEAN,**
**WILLY SAINTIL, KERLANDE THELEMERQUE,**
**WILFRED SAINT LOUIS, JEAN EMMANUEL**
**PIERRE-LOUIS, RUTH PAUL,**
**TAMARA TOUSSAINT, ASSADE VEDRINE,**
**SARAPHINA PIERRE ANDRE,**
**JIMMY PETIT-FRERE, EVENS HILAIRE, and**
**ERNST VIRGILE,**

      **Plaintiffs,**

**vs.**

**SP PLUS CORPORATION**
**a Foreign Profit Corporation, and**
**BAGGAGE AIRLINE GUEST SERVICES, INC.**
**a Florida Corporation d/b/a BAGS,**

      **Defendants.**

_____/

## COMPLAINT

    Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH,

VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE,

WILFRED SAINT LOUIS, JEAN EMMANUEL PIERRE-LOUIS, RUTH PAUL, TAMARA

TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE,

EVENS HILAIRE, and ERNST VIRGILE (collectively "Plaintiffs"), by and through the

undersigned counsel, hereby sues Defendant, SP PLUS CORPORATION, and BAGGAGE

AIRLINE GUEST SERVICES, INC. d/b/a BAGS (hereinafter "BAGS"), (hereinafter referred to

collectively as "Defendants"), and in support aver as follows:

## PARTIES, JURISDICTION & VENUE

1.  Plaintiff, ADAMO ACCIUS, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

2.  Plaintiff, JEAN ALTIDOR, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

3.  Plaintiff, ROMENA CEUS, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

4.  Plaintiff, CARYL JOSEPH, is *sui juris* and a resident of Palm Beach County, Florida, and the Southern District of Florida for the United States District Court.

5.  Plaintiff, VANESSA JOSEPH, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

6.  Plaintiff, ERILES MAXEAN, is *sui juris* and a resident of Brevard County, Florida.

7.  Plaintiff, WILLY SAINTIL, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court.

8.  Plaintiff, KERLANDE THELEMERQUE, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court.

9.  Plaintiff, WILFRED SAINT LOUIS, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court.

10. Plaintiff, JEAN EMMANUEL PIERRE LOUIS, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court.

11. Plaintiff, RUTH PAUL, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

12. Plaintiff, TAMARA TOUSSAINT, is *sui juris* and a resident of Broward County, Florida,

and the Southern District of Florida for the United States District Court.

13.    Plaintiff, ASSADE VEDRINE, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court.

14.    Plaintiff, SARAPHINA PIERRE ANDRE, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court.

15.    Plaintiff, JIMMY PETIT-FRERE, is *sui juris* and a resident of Gwinnett County, Georgia.

16.    Plaintiff, EVENS HILAIRE, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court.

17.    Plaintiff, ERNST VIRGILE, is *sui juris* and a resident of Broward County, Florida, and the Southern District of Florida for the United States District Court.

18.     Defendant, SP PLUS CORPORATION, is a Foreign Profit Corporation, and at all material times relevant to this action has been authorized to do business in the State of Florida. At all times material hereto, SP PLUS CORPORATION has been conducting business at the Ft. Lauderdale-Hollywood International Airport, which is located in Broward County, Florida, and the Southern District of Florida.

19.    Defendant, BAGGAGE AIRLINE GUEST SERVIES, INC., is a Florida profit corporation. At all times material hereto, the principal place of business of BAGGAGE AIRLINE GUEST SERVICES, INC. is 6751 Forum Drive, Suite 200, Orlando, Florida 32821.  At all times material hereto, BAGGAGE AIRLINE GUEST SERVICES, INC. has been conducting business at the Ft. Lauderdale-Hollywood International Airport, which is located in the Southern District of Florida for the United States District Court.

20.    At all relevant times, Defendants have continuously employed at least fifty (50) employees.

21.    Plaintiffs are all former employees of Defendants.

22.   Defendants controlled the fundamental aspects of Plaintiffs' employment giving rise to the claims stated therein.

23.   Defendants retained the power to hire, fire, or modify the terms and conditions of Plaintiffs' employment with Defendants.

24.   At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

25.   Defendants were a "person" and/or an "employer" pursuant to Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.* and 42 U.S.C. § 1981 since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA and 42 U.S.C. § 1981.

26.   At all times material hereto, Defendants were an "employer" within the meaning of Florida Civil Rights Act of 1992, Fla. *Stat. Section 760.01, et seq.* and Section 42 U.S.C. §1981.

27.   At all times material hereto, Plaintiff were an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla. *Stat. Section 760, et seq.* and 42 U.S.C. §1981.

28.   Plaintiffs were employees of Defendants, performing the duties in Broward County, Florida.

29.   Plaintiffs are Black, individuals of Haitian national origin and are members of a class of persons protected from discrimination in their employment under Title VII, 42 U.S.C. §1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

30.   At all times material to this action, Defendants were Plaintiffs' employer as defined by applicable law.

31.   This action is authorized and within the jurisdiction of this court, exclusive of interest, costs,

and attorneys' fees.

32.    Venue is proper in Broward County, Florida, and the Southern District of Florida, because all events related to Plaintiffs' causes of action occurred exclusively within said county and district.

33.    Plaintiffs previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency which is responsible for investigating claims of employment discrimination.

34.    All conditions precedent to the bringing and maintenance of this action have been performed, satisfied, or excused.

35.    Plaintiffs have retained the undersigned law firm and is obligated to pay said firm a fee.

## GENERAL ALLEGATIONS

### A.  The Pattern of Discrimination.

36.    Plaintiffs work or have worked for Defendants in the capacity of a wheelchair attendant or as baggage handlers assisting with oversized bags and the ticket counter at Ft. Lauderdale International Airport.

37.    In early 2018, Defendants hired a Hispanic employee, Karla Sanchez ("Karla").

38.    Karla was promoted to Operations Manager within months of being hired by Defendants, although she had no relevant experience in the industry.

39.    Current Haitian employees were not offered such a management position, although several held many years of experience working for the company as well as relevant supervisory experience.

40.    The opening for the supervisor position that Karla Sanchez holds was not made known to Haitian employees in order for them to apply for the position, for which they were

qualified.

41.    Gregory D'Amron stated to Plaintiff, Jean Pierre-Louis, that Karla was hired to get rid of the "cockroaches," (referencing the Haitian employees). Gregory D'Amron was also referencing Haitian employees when he stated to Plaintiff, Ruth Paul, that he needed to get rid of the "bad apples."

42.    Defendants have implemented a pattern and practice of refusing to hire any more Haitian employees. An overwhelming majority of new hires are now Hispanic or non-Haitian employees.

43.    Defendants employment practices have yielded a disparate impact upon non-Hispanic, Haitian employees.

44.    On or about August or September of 2018, the company conducted a job fair with both Haitian and Hispanics in attendance. After the job fair, Defendants then only hired about 4 Haitian employees and about 15-20 new Hispanic employees from the job fair.

45.    Typically, Haitian employees are not permitted to take a break during the middle of their shift. When Plaintiff and other Haitian employees are permitted to take a break, they are sometimes made to work during the break time, resulting in unpaid, off the clock work.

46.    Some Haitian employees who are not permitted to take a break during their shift are forced to take a break at the end of their shift, during which time, they are sometimes still made to work. Such employees are also not paid for this time.

47.    Non-Haitian employees are permitted to take a break and are not required to work off the clock.

48.    Rules pertaining to job performance were not applied uniformly for all employees. Only Haitian employees were immediately disciplined for such violations. Additionally, there

was no uniform method of communication that employees could rely upon as sometimes rules would be posted in the office, other times in the break room, and sometimes the rules were not posted anywhere at all.  For example, Vanessa Joseph was terminated for allegedly violating a new rule or policy, which was never communicated effectively to employees. Gregory D'Amron, Alvaro Silva, and Karla Sanchez had placed this rule in tiny print at the bottom of a sheet.

49.   Haitian employees are given unfavorable working schedules such as working the night shift and working Sunday shifts. Additionally, since Defendants' new discriminatory policies have been implemented, Haitian employees' weekly hours were significantly reduced; whereas Hispanic employees received the more favorable work schedules and additional work hours not reflected on the schedule.

50.   Defendants' pattern of discrimination yielded a disparate impact upon Haitian employees resulting in a reduction of pay and/or reduction or absence of employment benefits and privileges to Haitian employees when such pay and employment benefits and privileges were available to non-Haitian employees.  This also resulted in an adverse employment actions against Defendants' Haitian employees such as the Plaintiffs in this action.

B.   **Facts Pertaining to Each Individual Former or Current Employee.**

**ADAMO ACCIUS**

51.   Plaintiff is a Black person of Haitian descent.

52.   Plaintiff works for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport.

53.   Plaintiff has noticed that since hiring Karla, Defendants has seemed to cease hiring any more Haitian employees. An overwhelming majority of new hires are now Hispanic.

54.     Also, as of late, job openings have not been frequently posted. Hispanic applicants are sought out by South Florida Regional Director, Gregory D'Amron; Manager, Alvaro Silva; and Karla, thus denying Haitians the opportunity to apply.

## JEAN ALTIDOR

55.     Plaintiff is a Black person of Haitian descent.

56.     Plaintiff worked for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport, working primarily with Delta Airlines' customers.

57.     Plaintiff worked for Defendants for 14 years.

58.     New Hispanic employees were granted more working hours than Plaintiff despite his seniority with the company.

59.     The policies implemented by Defendants were arbitrarily applied. For example, on one occasion when Plaintiff was not feeling well he sat down in a chair, Gregory D'Amron then told Plaintiff it was against company policy for attendants to sit where he was sitting. Gregory D'Amron told Plaintiff to carry the chair and follow him.

60.     As Plaintiff followed, Gregory D'Amron shouted at Plaintiff and called him derogatory names based on his ethnicity and called him a "cockroach" and a "fucking Haitian," and told her that "Haitians stink," among other pejorative remarks. Gregory D'Amron sent Plaintiff home for the rest of the day following this incident.

61.     The following day, Plaintiff went in to speak to Gregory D'Amron, during which time, Gregory D'Amron terminated Plaintiff and told him "you're fired because you're fucking Haitian."

62.     Plaintiff was terminated on or about September of 2018.

## ROMENA CEUS

63.    Plaintiff is a Black person of Haitian descent.

64.    Plaintiff works for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport, working primarily with Delta Airlines' customers.

65.    On one occasion when Plaintiff was working in the office, Alvaro Silva came in and announced "I'm not hiring Haitians anymore."

66.    Plaintiff worked a schedule of 4 days each week before Karla Sanchez was promoted. Since that time, Plaintiff is given a Schedule of 3 days per week.

## CARYL JOSEPH

67.    Plaintiff is a Black person of Haitian descent.

68.    Plaintiff works for Defendants as a baggage handler, assisting airplane passengers and the ticket counter at Ft. Lauderdale International Airport.

69.    Since Karla Sanchez was promoted to Supervisor, new, non-Haitian employees are given more hours than the senior Haitian employees. Although Plaintiff is reflected in the schedule to work 3-4 days any given week, at some point Gregory D'Amron started calling him unexpectedly on the day of his shifts to tell Plaintiff not to come in to work.

## ERILES MAXEAN

70.    Plaintiff is a Black person of Haitian descent.

71.    Plaintiff works for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport.

72.    Since Karla Sanchez was promoted to Supervisor, new, non-Haitian employees are given more hours than the senior Haitian employees. Prior to that, Plaintiff worked 5 days per

week. Since approximately November of 2018, Plaintiff only works 4 days per week.

73.   Plaintiff has worked for Defendants since 2011, and still, new Hispanic employees work the same hours that he does if not more, despite seniority priority rules.


## WILLY SAINTIL

74.   Plaintiff is a Black person of Haitian descent.

75.   Plaintiff worked for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport,

76.   Defendants terminated Plaintiff in August of 2018.

77.   In the months leading up to Plaintiff's termination, Defendants implemented a pattern and practice of discriminating against Haitian employees.

78.   Plaintiff experienced that new Hispanic hires were permitted to work the same or more hours than him despite his having more experience than them.

79.   Shortly after meeting with Human Resources to address Plaintiffs' written complaint, Gregory D'Amron terminated Plaintiff.


## KERLANDE THELEMERQUE

80.   Plaintiff is a Black person of Haitian descent.

81.   Plaintiff worked for Defendants as a baggage handler assisting airline passengers, and at the ticket counter.

82.   Gregory D'Amron terminated Plaintiff  in December 2018.

83.   When Karla Sanchez was hired as supervisor, a Hispanic employee told Plaintiff that Karla had been hired to "fix us," meaning that she was hired to terminate Haitian employees.

84.  In the months leading up to Plaintiff's termination it was apparent that Defendants had implemented a pattern and practice of discriminating against Haitian employees.

85.  Plaintiff customarily worked 4 days each week so as not to conflict with his school schedule.

86.  Once Karla Sanchez was hired Plaintiff was made to work at times that conflicted with his classes, which resulted in Alvaro Silva giving him a work schedule of one day per week on Saturdays.

87.  Upon information and belief, Hispanic employees were allowed flexible and accommodating work schedules.

88.  Around late 2018, Plaintiff called in to work sick. The following day, Gregory D'Amron gave Plaintiff a "final warning" for not showing up to work and calling in even though Plaintiff did call in to inform his manager at the time, Daniel.

89.  Around December of 2018, or approximately a month after Plaintiff received the "verbal warning," Plaintiff asked Karla Sanchez to leave work early to take an exam.

90.  Karla Sanchez did not allow Plaintiff to leave early, but Alvaro Silva allowed Plaintiff to do so.

91.  The following day, Plaintiff met with Karla Sanchez and Gregory D'Amron, Gregory D'Amron spoke down to Plaintiff and demanded he answer in "yes" or "no" answers. After Plaintiff questioned Gregory D'Amron's demeanor, Plaintiff was terminated and Defendants contacted a police officer to tell Plaintiff to leave the airport.

## WILFRED SAINT LOUIS

92.  Plaintiff is a Black person of Haitian descent.

93.  Plaintiff worked for Defendants as a wheelchair attendant, assisting airline passengers who

need a wheelchair to get to and from flights at Ft. Lauderdale International Airport, working primarily with Delta Airlines' customers.

## JEAN E. PIERRE-LOUIS

94.   Plaintiff is a Black person of Haitian descent.

95.   Plaintiff worked for Defendant as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport, primarily for Delta Airlines' customers.

## RUTH PAUL

96.   Plaintiff is a Black person of Haitian descent.

97.   Plaintiff works for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport,

98.   Plaintiff is frequently told by Hispanic employees not to speak Creole although they are permitted to speak Spanish amongst each other.

99.   Plaintiff has worked for the company for nearly three years as a team leader and filling in for supervisors at various times.

100.  Despite Plaintiff's experience, Gregory D'Amron told her that she was not qualified to be a supervisor during an interview on or about November of 2018.

101.  Defendants have expressly stated the intention to not hire anymore Haitian employees.

102.  Plaintiff spoke to a Haitian woman named Janet who told her that Alvaro Silva told her that he was not hiring Haitian employees. Immediately thereafter, Alvaro Silva hired two Hispanic employees.

103.  Defendants then hired a non-Haitian supervisor, Katrina Garcia, an outside hire, without

even an interview. Katrina Garcia was inexperienced and was hired because she is a friend of Karla Sanchez.

### TAMARA TOUSSAINT

104. Plaintiff is a Black person of Haitian descent.

105. Plaintiff has worked for Defendants for eight (8) years.

106. Plaintiff works for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport,

107. Plaintiff typically worked a full-time schedule of 40 hours per week. Plaintiff is now forced to work a reduced work schedule of about 28 hours per week as Alvaro Silva and Karla Sanchez call the new Hispanic employees to give them additional hours that do not appear on the work schedule.

108. Plaintiff has also been forced to take mandatory 30-minute breaks, during which time she is forced to work nonetheless. Thus, Plaintiff is forced to work off the clock during her break time.

109. Plaintiff has been told by Hispanic employees at work not to speak Creole when they hear her speaking it.

110. Hispanic employees nonetheless communicate in Spanish with Karla Sanchez and Alvaro Silva without reservation.

111. Defendants implemented a policy of not hiring any additional Haitian employees.

112. A Haitian woman named "Mensi" sought employment with Defendants; she later told Plaintiff and Ruth Paul that Alvaro Silva told her that he "is not hiring Haitians."

113. Since hiring Karla Sanchez, Defendants rarely posts open positions. Instead, Alvaro Silva and Karla Sanchez sought out Hispanic applicants without opening the positions to the

general public so that Haitians do not have the opportunity to apply.

114.    After the Plaintiffs' written complaints to Defendants in 2018, Plaintiff has faced retaliatory treatment by Karla Sanchez. For example, Karla made up a false story that Plaintiff had been 10 minutes late in picking up passengers from a flight when in fact Plaintiff was the <u>first</u> wheelchair attendant to arrive at the flight to assist the passenger. Karla Sanchez prepared a written report of the false story and added several past instances that were unrelated to the instant false story.  Ruth Paul had witnessed that Plaintiff did assist the passenger at the appropriate time. When Plaintiff met with Karla Sanchez and Alvaro Silva to discuss the written report, Karla Sanchez stated that she would be included as the main witness and that she would not even speak to Ruth Paul, whom was actually present at the time of the alleged incident.  Plaintiff was nonetheless forced to sign the written report and when she cried about having to do so, Karla Sanchez disgracefully laughed at her and mocked Plaintiff.

## ASSADE VEDRINE

115.    Plaintiff is a Black person of Haitian descent.

116.    Plaintiff works for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport, primarily for Delta Airlines' customers.

117.    Defendants have told some Creole speaking employees not to speak Creole while working for Defendants.

118.    Plaintiff in particular, was frequently told by Hispanic employees not to speak Creole and to speak English instead; Spanish speaking employees were permitted to communicate with

Alvaro Silva in Spanish.

119.  Plaintiff was told by a Haitian man seeking employment with the company that Alvaro Silva told him that he is not hiring anymore Haitian employees.

120.  Plaintiff's schedule has also been adversely impacted since the company started hiring predominately Hispanic employees. Whereas Plaintiff was given a full-time schedule of 40 hours per week, his schedule was reduced to only 26-28 hours per week.

121.  Plaintiff was terminated on or about May 17, 2019.

122.  Defendants did not terminate all employees that serviced Delta Airlines' customers such as Hispanic employees with less seniority than Plaintiff.

## SARAPHINA PIERRE ANDRE

123.  Plaintiff is a Black person of Haitian descent.

124.  Plaintiff works for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport.

125.  Plaintiff noticed that Haitian employees would be criticized for taking time off and would be threatened with termination for requesting to take time off.

126.  Upon information and belief, no such actions were taken against non-Haitian employees.

127.  Plaintiff requested time off on or about September of 2018, for three days' vacation in December to celebrate her birthday. Plaintiff's request was denied by Alvaro Silva who told Plaintiff that he was simply too busy.

128.  Plaintiff attempted again in November of 2018 to receive time off for her birthday in December, and Alvaro Silva told her no and hung up the phone.

## JIMMY PETIT-FRERE

129.  Plaintiff is a Black person of Haitian descent.

130.   Plaintiff worked for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport.

131.   Plaintiff was told by a prospective Haitian employee, that Alvaro Silva refused to hire him because he was not hiring anymore Haitian employees.

132.   The number of hours distributed amongst the employees was customarily based upon seniority.  Since Karla Sanchez was hired, newer, non-Haitian employees received more hours than the more senior, Haitian employees.

133.   Upon information and belief, Alvaro Silva is giving the Haitian employees so few hours with the intention that these employees will be forced to resign, as has been the case with Plaintiff and other Haitian employees.

134.   Plaintiff was also personally required to work off the clock during his break.

135.   Plaintiff was threatened by Karla Sanchez with written warnings if he refused to work during his breaks.

136.   Plaintiff was forced to resign from his employment due to such discriminatory treatment by Defendants.

## **EVENS HILAIRE**

137.   Plaintiff is a Black person of Haitian descent.

138.   Plaintiff worked for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport, primarily for Delta Airlines' customers.  Plaintiff also worked as a baggage handler for Defendant.

139.   Plaintiff worked for Defendants as wheel chair attendant from on or about August 2011 to December 2018.

140. Plaintiff was promoted to night supervisor on or about December of 2018, after undergoing two interviews for the position.

141. Plaintiff only came to find out about the opening for the supervisor position because it was posted online. However, Alvaro Silva asked new Hispanic employees to apply for the position, but did not ask any of the Haitian employees to apply for the position.

142. Upon information and belief, non-Haitian applicants have accepted supervisor positions without undergoing an interview. For example, Katrina Garcia, an outside hire, came into the supervisor position without an interview.

**ERNST VIRGILE**

143. Plaintiff is a Black person of Haitian descent.

144. Plaintiff worked for Defendants as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport, primarily for Delta Airlines' customers.

145. In early 2018, a Haitian man tried to apply for a position and told Plaintiff that Alvaro Silva refused to hire him because Defendant does not hire Haitians anymore.

146. Plaintiff complained to Alvaro Silva and Gregory D'Amron via email regarding the discrimination against Haitian employees including himself. Plaintiff sent emails to Alvaro Silva and Gregory D'Amron on May 27, 2018, and again on June 4, 2018 regarding Karla Sanchez's mistreatment of Plaintiff.

147. After Plaintiff sent such emails, Karla Sanchez told Plaintiff "you are not the only one that can write emails," thus causing Plaintiff to feel targeted.

148. Plaintiff ultimately resigned due to the ongoing discrimination policy, the hostile work environment and the practices of Defendants.

## VANESSA JOSEPH

149.  Plaintiff worked for Defendant as a wheelchair attendant, assisting airline passengers who need a wheelchair to get to and from flights at Ft. Lauderdale International Airport.

150.  In June of 2018, Plaintiff along with other employees arrived at an inbound flight to assist passengers to exit a plane; this left some employees including Plaintiff without a passenger to assist. Thus, Plaintiff left the flight without a passenger.

151.  Plaintiff was not then aware of a new rule or policy that had been printed at the bottom of a paper in tiny font which was neither readily nor apparently visible.

152.  The new policy printed on the page was that employees must remain at the gate until the plane is boarded with a new flight. The new rule or policy had never before been communicated to Plaintiff. Plaintiff only learned of this new rule after receiving a text message from Karla.

153.  The same week of this incident, Plaintiff met with Gregory D'Amron, Alvaro Silva, and Daniel Hernandez (a manager). They stated to Plaintiff that she was terminated but did not provide a reason for her termination, and refused to provide one.

154.  Plaintiff then contacted Human Resources requesting an explanation for her termination; Human Resources did not provide Plaintiff with a reason.

155.  Plaintiff was thus effectively terminated on or about June of 2018.

### C.  The Complaints of Discrimination

156.  Named Plaintiffs, along with other Haitian employees, lodged a written complaint with the Defendants on or about July 2018.

157.  Human Resources met with those who lodged said complaint on or about July 31, 2018;

however, none of the Defendants' discriminatory practices changed.

158. A follow up letter restating these concerns was sent to the Defendants on or about August 13, 2018, and Plaintiffs' concerns remained unaddressed.

159. Defendants' only remedial actions were taken in an attempt to mask the prevailing and still ongoing discrimination of Haitian employees. For example, after the complaints, it appears on the schedule that Haitian and Hispanic employees were receiving similar hours. However, Alvaro, Silva (and other supervisors) offered Hispanic employees extra hours which do not appear on the schedule. Therefore, the discriminatory practices still remain.

160. Since Plaintiffs' complaints, Defendants' managers continue to tell the Haitian employees that if they do not like something they should just quit.

## COUNT I
### *National Origin Discrimination in Violation the FCRA against SP PLUS CORPORATION*

161. Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

162. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

163. Plaintiffs are members of a protected class under the FCRA.

164. By the conduct describe above, Defendant has engaged in discrimination against Plaintiffs because of Plaintiffs' national origin and subjected the Plaintiffs to animosity based on national origin.

165. Such discrimination was based upon the Plaintiffs' national origin in that Plaintiffs would not have been the object of discrimination but for the fact that Plaintiffs are of Haitian national origin.

166. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

167. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with the Defendant.

168. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiffs and did so despite the knowledge of said employees engaging in discriminatory actions.

169. As a result of Defendant's' actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and have suffered emotional distress and damage.

170. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiffs, deprived the Plaintiffs of statutory rights under state law.

171. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such

action in the future.

172.     Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendant's discriminatory practices unless and until this Honorable

Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated FCRA, and has done so willfully,
    intentionally, and with reckless disregard for Plaintiffs' rights;

B.  Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay,
    benefits' adjustment, and prejudgment interest at amounts to be proved at trial for
    the unlawful employment practices described herein;

C.  Enter an award against Defendant and award Plaintiffs compensatory damages for
    mental anguish, personal suffering, and loss of enjoyment of life;

D.  Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with
    the full benefits Plaintiffs would have had Plaintiffs not been discriminated against
    by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiff the costs of this action, together with a reasonable attorney fee; and

F.  Grant Plaintiffs such additional relief as the Court deems just and proper under the
    circumstances.

## <u>COUNT II</u>
### *Color Discrimination in Violation the FCRA against SP PLUS CORPORATION*

173.     Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH,

VANESSA   JOSEPH,   ERILES   MAXEAN,   WILLY   SAINTIL,   KERLANDE

THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL,

TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

174. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

175. Plaintiffs are members of a protected class under the FCRA.

176. By the conduct describe above, Defendant has engaged in discrimination against Plaintiffs because of Plaintiffs' color and subjected the Plaintiffs to animosity based on color.

177. Such discrimination was based upon the Plaintiff's color in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff are Black.

178. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

179. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiffs possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with the Defendant.

180. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiffs and did so despite the knowledge of said employees engaging in discriminatory actions.

181. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, exposed to ridicule and embarrassment, and suffered emotional distress and damage.

182. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiffs, deprived the Plaintiffs of statutory rights under state law.

183. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

184. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B. Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiffs the costs of this action, together with a reasonable attorney fee; and

F.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Race Discrimination in Violation of the FCRA against SP PLUS CORPORATION*

185.  Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

186.  Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

187.   At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statutes Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

188.   The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon race considerations or reasons.

189.  Plaintiffs are Black Haitian individuals and Plaintiffs possessed the requisite qualifications and skills to perform the position with Defendant.

190.    Plaintiffs were subjected to disparate treatment in the workplace, in that similarly-situated, non-Black Haitian employees were allowed better work opportunities.

191.    Plaintiffs faced adverse employment actions and/or were terminated as a result of their race and the reasons given by Defendants, if any, for any adverse employment actions, including termination, are mere pretext for illegal discrimination.

192.    As a direct and proximate result of the Defendant's unlawful acts, Plaintiffs have suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

193.    Moreover, as a further result of the Defendant's unlawful race-based discriminatory conduct, the Plaintiffs have been compelled to file this action and he has incurred the costs of litigation.

194.    Plaintiffs were qualified for their positions with Defendant.

195.    Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiffs because of race in the terms, conditions, and privileges of employment.

196.    Defendant retaliated against Plaintiffs after complaints of race discrimination and failed to address complaints of discrimination.

197.    The Defendant's actions were malicious and recklessly indifferent to the Plaintiffs' rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

198.    The aforementioned actions of Defendant's were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully,

intentionally, and with reckless disregard for Plaintiffs' rights;

B.   Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C.   Require Defendant to place Plaintiffs to their original positions at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement;

D.   Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT IV
### *Retaliation in Violation of the FCRA against SP PLUS CORPORATION*

199.   Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

200.   Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

201.   Plaintiffs are members of a protected class under the FCRA.

202.   By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

203.   Defendant's conduct complained of herein was willful and in disregard of Plaintiffs'

protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiffs' race national origin and/or color was unlawful but acted in reckless disregard of the law.

204. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, been exposed to ridicule and embarrassment, and suffered emotional distress and damage.

205. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiffs, deprived the Plaintiffs of statutory rights under state law.

206. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiffs suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Require Defendant to place Plaintiffs to their original position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against

by Defendant, or in lieu of reinstatement;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

**COUNT V**
***National Origin Discrimination in Violation of Title VII against SP PLUS CORPORATION***

207. Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

208. Plaintiffs pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1 - 160 of this complaint as if set out in full herein.

209. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

210. Defendant's decision to discriminate against Plaintiffs was because of Plaintiffs' national origin; Plaintiffs are Black Haitian.

211. The Plaintiffs were subjected to disparate treatment in the work place, in that similarly situated, non-Black Haitian employees were allowed better work opportunities by not being subjected to unfair treatment.

212. At the time of this treatment from employment, the Plaintiffs did perform essential functions assigned to them by Defendant in a satisfactory manner.

213. The Plaintiffs were qualified for the position apart from their apparent race.

214. The Plaintiffs were discriminated against by their managers because of their race.

215. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

216. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

217. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiffs' federally protected rights, discriminated against Plaintiff on account of their national origin in violation of Act with respect to its decision to treat Plaintiffs different from other employees.

218. Plaintiffs were fired by Defendant and Plaintiffs' termination from employment was directly and proximately caused by the Defendants' unjustified discrimination against Plaintiffs because of their national origin, in violation of the Act.

219. As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

220. Any alleged nondiscriminatory reason for the termination of Plaintiffs' employment

asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiffs' national origin.

221.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE**, Plaintiffs respectfully request that this court order the following:

A.   Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B.   Reinstate Plaintiffs to the same position he held before the discriminatory personnel action, or to an equivalent position.

C.   Reinstate full fringe benefits and seniority rights to Plaintiffs.

D.   Order Defendant to make Plaintiffs whole, by compensating Plaintiffs for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to Plaintiffs' national origin.

E.   For a money judgment representing prejudgment interest.

F.   Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT VI
### Color Discrimination in Violation of Title VII against SP PLUS CORPORATION

222.   Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE

THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

223.   Plaintiffs pursuant to Title VII, 42 U.S.C. Section 2000 (e), sue Defendant, and re-allege as set forth herein paragraphs 1 - 158 of this complaint as if set out in full herein.

224.   At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

225.   Defendant's decision to discriminate against Plaintiffs was because of Plaintiffs' color; Plaintiffs are Black Haitian.

226.   The Plaintiffs were subjected to disparate treatment in the work place, in that similarly situated, non-Black Haitian employees were allowed better work opportunities by not being subjected to unfair treatment.

227.   At the time of this treatment from employment, the Plaintiffs did perform essential functions assigned to them by Defendant in a satisfactory manner.

228.   The Plaintiffs were qualified for the position apart from their apparent race.

229.   The Plaintiffs were discriminated against by Defendant because of their race.

230.   The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

231.   The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

232.   Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiffs' federally protected rights, discriminated against Plaintiffs on account of their national origin in violation of Act with respect to its decision to treat Plaintiffs different from other employees.

233.   Plaintiffs were fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiffs because of they are Black Haitian, in violation of the Act.

234.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

235.   Any alleged nondiscriminatory reason for the adverse employment actions taken against Plaintiffs asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiffs' color.

236.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their color. The discrimination on the basis of color constitutes unlawful discrimination.

**WHEREFORE**, Plaintiffs respectfully request that this court order the following:

A.   Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any

employment practice which discriminates on the basis of national origin.

B.  Reinstate Plaintiffs to the same position he held before the discriminatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiffs.

D.  Order Defendant to make Plaintiffs whole, by compensating Plaintiffs for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E.  For a money judgment representing prejudgment interest.

F.  Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT VII
### *Race Discrimination in Violation of Title VII against SP PLUS CORPORATION*

237.  Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

238.  Plaintiffs pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-allege as set forth herein paragraphs 1 - 158 of this complaint as if set out in full herein.

239.  At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to

discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

240. Defendant's decision to discriminate against Plaintiffs was because of Plaintiffs' race; Plaintiffs are Black Haitian.

241. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non- Black Haitian employees were allowed better work opportunities by not being subjected to unfair treatment.

242. At the time of this treatment from employment, the Plaintiffs did perform essential functions assigned to them by Defendant in a satisfactory manner.

243. The Plaintiffs were qualified for the position apart from their apparent race.

244. The Plaintiffs were discriminated against by Defendant because of their race.

245. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

246. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

247. Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiffs on account of their race in violation of Act with respect to its decision to treat Plaintiffs different from other employees.

248.     Plaintiffs faced adverse employment actions, including termination by Defendant and those actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiffs are Black Haitian, in violation of the Act.

249.     As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

250.     Any alleged nondiscriminatory reason for the adverse employment actions, including termination of Plaintiffs' employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiff's national origin.

251.     The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE**, Plaintiffs respectfully request that this court order the following:

A.  Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race.

B.  Reinstate Plaintiffs to the same position he held before the discriminatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiff.

D.  Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his race.

E.  For a money judgment representing prejudgment interest.

F.   Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

## COUNT VIII
### *Retaliation in Violation of Title VII against SP PLUS CORPORATION*

252.   Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

253.   Plaintiffs re-adopt each and every general and factual allegation as stated in paragraphs 1 - 160  of this complaint as if set out in full herein.

254.   Plaintiffs are members of a protected class under Title VII.

255.   By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the Title VII.

256.   Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiffs' national origin was unlawful but acted in reckless disregard of the law.

257.   As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, exposed to ridicule and embarrassment, and suffered emotional distress and damage.

258.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent

continued discrimination against the Plaintiffs, deprived the Plaintiffs of statutory rights under federal law.

259.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

260.   Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

A.   Adjudge and decree that Defendants has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B.   Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiff snot been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

F.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

<u>COUNT IX</u>
*Race Discrimination in Violation of 42 U.S.C. § 1981 against SP PLUS CORPORATION*

261.   Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

262.   Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

263.   Plaintiffs are members of a protected class under § 1981.

264.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiffs because of Plaintiffs' race and subjected the Plaintiffs to race-based animosity.

265.   Such discrimination was based upon the Plaintiffs' race in that Plaintiffs would not have been the object of discrimination but for the fact that Plaintiffs are Black Haitian.

266.   Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

267.   At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiffs possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with the Defendant.

268.   Defendant retained all employees who exhibited discriminatory conduct toward the

Plaintiffs and did so despite the knowledge of said employees engaging in discriminatory actions.

269.    As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, exposed to ridicule and embarrassment, and suffered emotional distress and damage.

270.    The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

271.    The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

272.    Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

273.    So that Plaintiffs' rights may be protected, Plaintiffs have retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.    Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B.    Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay,

benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

### COUNT X
***National Origin Discrimination in Violation the FCRA against BAGGAGE AIRLINE GUEST SERVICES, INC.***

274.   Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

275.   Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

276.   Plaintiffs are members of a protected class under the FCRA.

277.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiffs

because of Plaintiffs' national origin and subjected the Plaintiffs to animosity based on national origin.

278.   Such discrimination was based upon the Plaintiffs' national origin in that Plaintiffs would not have been the object of discrimination but for the fact that Plaintiffs are of Haitian national origin.

279.   Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

280.   At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with the Defendant.

281.   Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiffs and did so despite the knowledge of said employees engaging in discriminatory actions.

282.   As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, have been exposed to ridicule and embarrassment, and have suffered emotional distress and damage.

283.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiffs, deprived the Plaintiffs of statutory rights under state law.

284.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs' statutorily protected rights, thus

entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

285.   Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

    A.  Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

    B.  Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

    C.  Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    D.  Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

    E.  Award Plaintiff the costs of this action, together with a reasonable attorney fee; and

    F.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT XI
### *Color Discrimination in Violation the FCRA against*
### *BAGGAGE AIRLINE GUEST SERVICES, INC.*

286.   Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

287.   Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

288.   Plaintiffs are members of a protected class under the FCRA.

289.   By the conduct describe above, Defendant has engaged in discrimination against Plaintiffs because of Plaintiffs' color and subjected the Plaintiffs to animosity based on color.

290.   Such discrimination was based upon the Plaintiff's color in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff are Black.

291.   Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

292.   At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiffs possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with the Defendant.

293.   Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiffs and did so despite the knowledge of said employees engaging in discriminatory actions.

294.   As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights,

exposed to ridicule and embarrassment, and suffered emotional distress and damage.

295. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiffs, deprived the Plaintiffs of statutory rights under state law.

296. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

297. Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B. Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against

by Defendant, or in lieu of reinstatement, award front pay;

E.  Award Plaintiffs the costs of this action, together with a reasonable attorney fee; and

F.  Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT XII
### *Race Discrimination in Violation of the FCRA against*
### *BAGGAGE AIRLINE GUEST SERVICES, INC.*

298.  Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

299.  Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

300.   At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statutes Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

301.   The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions, and privileges of one's employment, based upon race considerations or reasons.

302.   The Plaintiffs are Black Haitian individuals and Plaintiffs possessed the requisite qualifications and skills to perform their position with Defendant.

303.   The Plaintiffs were subjected to disparate treatment in the workplace, in that similarly-situated, non-Black Haitian employees were allowed better work opportunities.

304.   The Plaintiffs faced adverse employment actions and/or were terminated as a result of their race and the reasons given by Defendant, if any, for any adverse employment actions, including termination, are mere pretext for illegal discrimination.

305.   As a direct and proximate result of the Defendant's unlawful acts, Plaintiffs have suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

306.   Moreover, as a further result of the Defendant's unlawful race-based discriminatory conduct, the Plaintiffs have been compelled to file this action and he has incurred the costs of litigation.

307.   Plaintiffs were qualified for their positions with Defendant.

308.   Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiffs because of race in the terms, conditions, and privileges of employment.

309.   Defendant retaliated against Plaintiffs after complaints of race discrimination and failed to address complaints of discrimination.

310. The Defendant's actions were malicious and recklessly indifferent to the Plaintiffs' rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race and national origin.

311. The aforementioned actions of Defendant's were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C. Require Defendant to place Plaintiffs to their original positions at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement;

D. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.


## COUNT XIII
### *Retaliation in Violation of the FCRA against*
### *BAGGAGE AIRLINE GUEST SERVICES, INC.*

312.  Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE,

JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

313. Plaintiffs re-adopt each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

314. Plaintiffs are members of a protected class under the FCRA.

315. By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the FCRA.

316. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiffs' race, national origin and/or color was unlawful but acted in reckless disregard of the law.

317. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, been exposed to ridicule and embarrassment, and suffered emotional distress and damage.

318. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiffs, deprived the Plaintiffs of statutory rights under state law.

319. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs' statutorily protected rights, thus entitling Plaintiffs to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future. Plaintiffs suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and

until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.  Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B.  Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

C.  Require Defendant to place Plaintiffs to their original position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement;

D.  Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## COUNT XIV
### *National Origin Discrimination in Violation of Title VII against BAGGAGE AIRLINE GUEST SERVICES, INC.*

320.   Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

321.   Plaintiffs pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-alleges as set forth herein paragraphs 1 - 158 of this complaint as if set out in full herein.

322.   At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

323.   Defendant's decision to discriminate against Plaintiffs was because of Plaintiffs' national origin; Plaintiffs are Black Haitian.

324.   The Plaintiffs were subjected to disparate treatment in the work place, in that similarly situated, non-Black Haitian employees were allowed better work opportunities by not being subjected to unfair treatment.

325.   At the time of this treatment from employment, the Plaintiffs did perform essential functions assigned to them by Defendant in a satisfactory manner.

326.   The Plaintiffs were qualified for the position apart from their apparent race.

327.   The Plaintiffs were discriminated against by their managers because of their race.

328.   The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

329.   The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

330.   Defendant, through its practices and policies as an employer, willfully, and with malicious

or reckless disregard of Plaintiffs' federally protected rights, discriminated against Plaintiff on account of their national origin in violation of Act with respect to its decision to treat Plaintiffs different from other employees.

331.  Plaintiffs were fired by Defendant and Plaintiffs' termination from employment was directly and proximately caused by the Defendants' unjustified discrimination against Plaintiffs because of their national origin, in violation of the Act.

332.  As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

333.  Any alleged nondiscriminatory reason for the termination of Plaintiffs' employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiffs' national origin.

334.  The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their national origin. The discrimination on the basis of national origin constitutes unlawful discrimination.

**WHEREFORE**, Plaintiffs respectfully request that this court order the following:

A.  Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B.  Reinstate Plaintiffs to the same position he held before the discriminatory personnel action, or to an equivalent position.

C.  Reinstate full fringe benefits and seniority rights to Plaintiffs.

D.  Order Defendant to make Plaintiffs whole, by compensating Plaintiffs for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration

for mental pain, anguish, pain and humiliation from employment termination due to Plaintiffs' national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

**COUNT XV**
*Color Discrimination in Violation of Title VII against*
*BAGGAGE AIRLINE GUEST SERVICES, INC.*

335.    Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

336.    Plaintiffs pursuant to Title VII, 42 U.S.C. Section 2000 (e), sue Defendant, and re-allege as set forth herein paragraphs 1 - 158 of this complaint as if set out in full herein.

337.    At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee,

because of such individual's race, color, religion, sex, or national origin."

338.   Defendant's decision to discriminate against Plaintiffs was because of Plaintiffs' color; Plaintiffs are Black Haitian.

339.   The Plaintiffs were subjected to disparate treatment in the work place, in that similarly situated non-Black Haitian employees were allowed better work opportunities by not being subjected to unfair treatment.

340.   At the time of this treatment from employment, the Plaintiffs did perform essential functions assigned to them by Defendant in a satisfactory manner.

341.   The Plaintiffs were qualified for the position apart from their apparent race.

342.   The Plaintiffs were discriminated against by Defendant because of their color.

343.   The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

344.   The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

345.   Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiffs' federally protected rights, discriminated against Plaintiffs on account of their color in violation of Act with respect to its decision to treat Plaintiffs different from other employees.

346.   Plaintiffs were fired by Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiffs because of they are Black Haitian, in violation of the Act.

347.   As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

348.   Any alleged nondiscriminatory reason for the adverse employment actions taken against Plaintiffs asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiffs' color.

349.   The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their color. The discrimination on the basis of color constitutes unlawful discrimination.

**WHEREFORE**, Plaintiffs respectfully request that this court order the following:

A.   Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color.

B.   Reinstate Plaintiffs to the same position he held before the discriminatory personnel action, or to an equivalent position.

C.   Reinstate full fringe benefits and seniority rights to Plaintiffs.

D.   Order Defendant to make Plaintiffs whole, by compensating Plaintiffs for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E.   For a money judgment representing prejudgment interest.

F.   Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

<u>**COUNT XVI**</u>
*Race Discrimination in Violation of Title VII against*
*BAGGAGE AIRLINE GUEST SERVICES, INC.*

350.   Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH,

VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

351. Plaintiffs pursuant to Title VII, 42 U.S.C. Section 2000 (e), sues Defendant, and re-allege as set forth herein paragraphs 1 - 158 of this complaint as if set out in full herein.

352. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

353. Defendant's decision to discriminate against Plaintiffs was because of Plaintiffs' race; Plaintiffs are Black Haitian.

354. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated, non- Black Haitian employees were allowed better work opportunities by not being subjected to unfair treatment.

355. At the time of this treatment from employment, the Plaintiffs did perform essential functions assigned to them by Defendant in a satisfactory manner.

356.  The Plaintiffs were qualified for the position apart from their apparent race.

357.  The Plaintiffs were discriminated against by Defendant because of their race.

358.  The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

359.  The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

360.  Defendant, through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiffs on account of their national origin in violation of Act with respect to its decision to treat Plaintiffs different from other employees.

361.  Plaintiffs faced adverse employment actions, including termination by Defendant and those actions were directly and proximately caused by the Defendant's unjustified discrimination against Plaintiffs are Black Haitian, in violation of the Act.

362.  As a direct and proximate result of the Defendant's intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

363.  Any alleged nondiscriminatory reason for the adverse employment actions, including termination of Plaintiffs' employment asserted by Defendant is a mere pretext for the actual reason for the termination from employment, Plaintiffs' race.

364.  The Defendant's actions were malicious and were recklessly indifferent to the Plaintiffs' rights protecting a person from discrimination due to their national origin. The discrimination on the basis of race constitutes unlawful discrimination.

**WHEREFORE**, Plaintiffs respectfully request that this court order the following:

  A.  Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all

persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of national origin.

B. Reinstate Plaintiffs to the same position he held before the discriminatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation from employment termination due to his national origin.

E. For a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages, attorney's fees and further demands a trial by jury on all issues so triable.

**COUNT XVII**
***Retaliation in Violation of Title VII against***
***BAGGAGE AIRLINE GUEST SERVICES, INC.***

365.   Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

366.   Plaintiffs re-adopt each and every general and factual allegation as stated in paragraphs 1 - 160  of this complaint as if set out in full herein.

367.   Plaintiffs are members of a protected class under Title VII.

368.   By the conduct describe above, Defendant retaliated against Plaintiffs for exercising rights protected under the Title VII.

369.   Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiffs' national origin was unlawful but acted in reckless disregard of the law.

370.   As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, exposed to ridicule and embarrassment, and suffered emotional distress and damage.

371.   The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiffs, deprived the Plaintiffs of statutory rights under federal law.

372.   The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiffs statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

373.   Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

      A.   Adjudge and decree that Defendants has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B. Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiff snot been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiffs the costs of this action, together with a reasonable attorneys' fees; and

F. Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT XVIII</u>
### *Race Discrimination in Violation of 42 U.S.C. § 1981 against*
### *BAGGAGE AIRLINE GUEST SERVICES, INC.*

374. Plaintiffs, ADAMO ACCIUS, JEAN ALTIDOR, ROMENA CEUS, CARYL JOSEPH, VANESSA JOSEPH, ERILES MAXEAN, WILLY SAINTIL, KERLANDE THELEMERQUE, WILFRED SAINT LOUIS, JEAN E. PIERRE-LOUIS, RUTH PAUL, TAMARA TOUSSAINT, ASSADE VEDRINE, SARAPHINA PIERRE ANDRE, JIMMY PETIT-FRERE, EVENS HILAIRE, and ERNST VIRGILE sue Defendant and allege as follows:

375. Plaintiffs re-adopts each and every factual allegation as stated in paragraphs 1 - 160 of this complaint as if set out in full herein.

376. Plaintiffs are members of a protected class under § 1981.

377. By the conduct describe above, Defendant has engaged in discrimination against Plaintiffs because of Plaintiffs' race and subjected the Plaintiffs to race-based animosity.

378. Such discrimination was based upon the Plaintiffs' race in that Plaintiffs would not have been the object of discrimination but for the fact that Plaintiffs are Black Haitian.

379. Defendant's conduct complained of herein was willful and in disregard of Plaintiffs' protected rights.  Defendant and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

380. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiffs possessed the authority to affect the terms, conditions, and privileges of Plaintiffs' employment with the Defendant.

381. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiffs and did so despite the knowledge of said employees engaging in discriminatory actions.

382. As a result of Defendant's actions, as alleged herein, Plaintiffs have been deprived of rights, exposed to ridicule and embarrassment, and suffered emotional distress and damage.

383. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

384. The actions of the Defendant and/or its agents were willful, wanton, intentional, and with malice or reckless indifference to the Plaintiffs' statutorily protected rights thus entitling Plaintiffs to damages in the form of compensatory damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the

future.

385.   Plaintiffs have suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

386.   So that Plaintiffs' rights may be protected, Plaintiffs have retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully pray for the following relief against Defendant:

A.   Adjudge and decree that Defendant has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

B.   Enter a judgment requiring that Defendant pay Plaintiffs appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C.   Enter an award against Defendant and award Plaintiffs compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D.   Require Defendant to reinstate Plaintiffs to the position at the rate of pay and with the full benefits Plaintiffs would have had Plaintiffs not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E.   Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

F.   Grant Plaintiffs such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: January 7, 2021

Respectfully submitted,


Peter M. Hoogerwoerd, Esq.
Florida Bar Number: 0188239
pmh@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005